IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARSON INDUSTRIES, INC., a Pennsylvania Corporation; and REWINEDesigns, LLC, a Virginia limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC. (d/b/a Wal-Mart and d/b/a Walmart.com), a corporation,<br><br>    Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR
TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN
AND UNFAIR COMPETITION**

Plaintiff, Carson Industries, Inc., ("Carson") and Plaintiff, REWINEDesigns, LLC ("REWINEDesigns"), by and through their undersigned counsel, Frederick L. Tolhurst and Cohen & Grigsby, P.C., bring this Complaint for Trademark Infringement, False Designation of Origin, and Unfair Competition against Defendant Wal-Mart Stores, Inc. (herein "Wal-Mart"). Carson and REWINEDesigns are referred to herein collectively as "Plaintiffs."

## I. NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, false representation and description, and other unfair competitive conduct on the part of the Defendant in violation of the Lanham Act, 15 U.S.C. § 1051 et seq.; Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), respectively; and Plaintiffs' common law trademark and

other rights. Plaintiffs seek injunctive relief as well as other equitable relief and compensatory and punitive damages arising from Defendant's willful, unlawful, intentional, unfair, and misleading conduct and unjust enrichment.

## II. THE PARTIES

2. Plaintiff, Carson, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 189 Foreman Road, Freeport, Pennsylvania 16229-1799. For many years, Carson has made and sold various novelty, decorative and ornamental products including glassware, trivets, candle jar/pillar holders, pillars, potpourri jars and candleholders, vases, pitchers, goblets, platters, picture frames, wind chimes, and plaques. Many of these products are of Carson's own original design and Carson is the author and copyright owner of such original designs.

3. Plaintiff, REWINEDesigns, LLC, is a Virginia limited liability company ("REWINEDesigns") with a principal place of business at 115 Stevens Road, Newport News, VA 23608. REWINEDesigns first adopted and used the trademarks REDNEK and REDNEK WINE GLASS in the United States in connection with beverage glassware and is the owner of all rights therein. REWINEDesigns has registered REDNEK WINE GLASS on the Principal Register of the U.S. Patent and Trademark Office under Registration Number 4,054,826. A copy of Registration Number 4,054,826 is attached hereto as Attachment 1.

4. The certificate of registration of U.S. Registration 4,054,826 is prima facie evidence that REWINEDesigns is the owner of the REDNEK WINE GLASS mark, that the REDNEK WINE GLASS mark is valid, and that REWINEDesigns has exclusive right to use

REDNEK WINE GLASS in commerce on or in connection with the goods specified in the certificate – namely, beverage glassware.

5. REWINEDesigns licenses Carson to manufacture and sell a style of glassware under the REDNEK and REDNEK WINE GLASS brands (herein "the REDNEK Glassware"). Carson is the exclusive licensee of REWINEDesigns' REDNEK and REDNEK WINE GLASS trademarks for use in connection with glassware. As REWINEDesigns' exclusive licensee, Carson has the exclusive right to use the REDNEK and REDNEK WINE GLASS trademarks (herein together "the REDNEK Marks") and, together with REWINEDesigns, has the right to assert rights in the REDNEK Marks against others.

6. Carson manufactures and sells a style of glassware under the REDNEK and REDNEK WINE GLASS brands (herein "the REDNEK Glassware"). An example of Carson's REDNEK Glassware bearing the REDNEK Marks is shown in Attachment 2. Carson's REDNEK Glassware is promoted and sold to retailers in the gift industry throughout the United States, including this Judicial District. Carson promotes and markets its REDNEK Glassware through trade literature, trade shows, marketing materials, magazine advertisements, direct sales calls, trade press, and electronic media, such as the World Wide Web.

7. Defendant Wal-Mart Stores, Inc. is a corporation doing business as "Wal-Mart" and also doing business as "Walmart.com" and having a principal place of business at 702 S.W. 8th Street, Bentonville, AR. 72716-8095 (herein "Wal-Mart").

8. Wal-Mart is a leading retailer in the United States. Wal-Mart sells a wide variety of products to retail purchasers through thousands of retail stores that are located throughout the United States, some of those stores being located in this Judicial District. On information and

belief, Wal-Mart distributes and sells to retail purchasers a beverage glassware product under brands that incorporate or are confusingly similar to Plaintiffs' REDNEK Marks.

9. On information and belief, through an ecommerce business that Wal-Mart owns and operates under the name Walmart.com, Wal-Mart also distributes and sells the same beverage glassware product that is sold in its retail stores under the brands that incorporate or are confusingly similar to Plaintiffs' REDNEK Marks. Wal-Mart is the registrant of the walmart.com domain name that resolves to a website where Wal-Mart advertises such beverage glassware and from which such beverage glassware can be purchased in this Judicial District.

### III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1114, 1115, 1116, 1117, 1121, and 1125(a), and 28 U.S.C. § 1331 and 1338(a) in that this action arises under the Lanham Act, 15 U.S.C. § 1051 et seq. This Court also has subject matter jurisdiction over the common law claims of trademark infringement and unfair competition averred herein pursuant to the provisions of 28 U.S.C. § 1338(b) in that the claims are joined with a substantial and related claim under the Lanham Act, 15 U.S.C. § 1051 et seq.

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant Wal-Mart has conducted and is conducting business and committed acts complained of in this Judicial District. Wal-Mart is subject to personal jurisdiction in this Judicial District at the time of commencing this action.

## IV. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Since April 2010, Carson, under the authority of REWINEDesigns, has continuously used the REDNEK Marks on REDNEK Glassware. Since February 2011, Carson has manufactured, distributed and sold REDNEK Glassware that is distinguished from glassware that is made, promoted and sold by others by the REDNEK Marks.

13. The REDNEK Marks are arbitrary and distinctive when used in connection with glassware. The term "REDNEK" does not describe or suggest any quality, characteristic or ingredient of the glassware with which it is used.

14. Through use in commerce in connection with Carson's REDNEK Glassware, the REDNEK Marks have acquired significant recognition by retailers in the gift industry and among retail customers throughout the United States as a designation of origin and a designation of affiliation or association of such glassware with a particular source. Such recognition of designation, affiliation and association has developed by reason of Carson's continuous use of the REDNEK Marks, including extensive promotion and marketing of the REDNEK Glassware through literature, trade shows, marketing materials, magazine advertisements, direct sales calls, trade press, and other media, such as the World Wide Web. As a result, purchasers have come to know, rely upon, and recognize the REDNEK Marks as an indicator of source, sponsorship or approval for glassware that is manufactured and sold by Carson.

15. Carson has given notice to the public of its proprietary rights in the REDNEK Marks by prominently displaying the trademark symbol "TM" on the packaging for REDNEK Glassware as well as on labels, trade literature, marketing materials, Web pages, and other advertising materials.

16.     Defendant Wal-Mart has used and is using the marks REDNECK and REDNECK WINE GLASS in "Redneck Mason Jar Wine Glass" (herein together "the Defendant's REDNECK Marks") in interstate commerce in connection with the marketing, sale, offering for sale, distribution, and advertising of beverage glassware that Wal-Mart displays and sells through its stores and on its website, Walmart.com (herein "Defendant's REDNECK Glassware"). Defendant's use of the REDNECK Marks is not authorized or approved by REWINEDesigns or Carson. Examples of the Defendant's REDNECK Glassware are shown in Attachment 3.

17.     The Defendant's REDNECK Glassware is identical to Carson's REDNEK Glassware. Defendant's REDNECK Marks are highly similar to Carson's REDNEK Marks such that, when used in connection with the Defendant's REDNECK Glassware, there is a likelihood of confusion as to source, origin, affiliation, or association.

18.     Carson first became aware of Wal-Mart's unauthorized use of the Defendant's REDNECK Marks in February 2014. The Defendant's REDNECK Marks are highly similar to Plaintiffs' REDNEK Marks. When Defendant's REDNECK marks are used in connection with Defendant's REDNECK Glassware (that is identical to Carson's REDNEK Goods), there is a likelihood of confusion among purchasers and potential purchasers as to source, origin, affiliation or association. Defendant's REDNECK Marks are essentially the same as Plaintiffs' REDNEK Marks. Wal-Mart substituted a "C" in the term "redneck" to correct the intentional phonetic misspelling in Plaintiffs' REDNEK Marks. However, such minor edits do not change the appearance, pronunciation, or meaning of Plaintiffs' REDNEK marks. Neither does Defendant's use of the additional generic terms "mason jar" dispel the likelihood of confusion. Indeed the addition of the terms "mason jar" merely add to the likelihood of confusion by

drawing attention to the fact that the products on which the Defendant's REDNECK Marks are used are identical to Carson's REDNEK Glassware.

19. Upon information and belief, since at least February 2014, Wal-Mart has offered and continues to offer for sale, from its webpages and in its retail stores, Defendant's REDNECK Glassware, branded with the Defendant's REDNECK Marks. Such use of the Defendant's REDNECK Marks on Defendant's REDNECK Glassware, in light of Carson's REDNEK Glassware branded with Carson's REDNEK Marks creates a likelihood of confusion among retailers and the public. Defendant's use of the Defendant's REDNECK Marks on the glassware that Defendant offers for sale is likely to confuse or to cause mistake or to deceive others as to the affiliation, connection, or association of Defendant or as to the origin, sponsorship, or approval of Defendant's goods.

20. Plaintiffs have been irreparably harmed by the Defendant's continued trademark infringement, false designation of origin, and unfair competitive conduct as described herein for which there is no adequate remedy at law. Unless Defendant's unlawful conduct is restrained by the Court, such unlawful conduct and the harm that it is causing to Plaintiffs will continue.

## COUNT I
## INFRINGEMENT OF A REGISTERED TRADEMARK PURSUANT TO 15 U.S.C. § 1114

21. The averments of paragraphs 1 through 20 of the Complaint are hereby incorporated by reference as though fully set forth herein.

22. This is a claim for infringement of a registered trademark in violation of the Lanham Act, 15 U.S.C. § 1051 et seq.

23. REWINEDesigns has not authorized or approved Wal-Mart's use of the REDNECK WINE GLASS mark.

7

24. On information and belief, at the time that Wal-Mart first used its REDNECK Marks, it knew or should have known that Plaintiff, REWINEDesigns, had registered REDNEK WINE GLASS on the Principal Register of the U.S. Patent and Trademark Office under Registration Number 4,054,826 for "beverage glassware" - the same type of goods that Wal-Mart was selling.

25. REWINDesigns' Registration Number 4,054,826 for REDNEK WINE GLASS issued on November 15, 2011. REWINDesigns thereby established a legal presumption that REWINEDesigns is the owner of the REDNEK WINE GLASS mark more than two years before Wal-Mart began selling REDNECK Glassware in connection with the REDNECK Marks.

26. Wal-Mart's use of the REDNECK Marks in connection with the Defendant's REDNECK Glassware creates a likelihood of confusion, mistake or deception in violation of 15 U.S.C. § 1114 so as to infringe REWINEDesigns' rights as evidenced by Registration No. 4,054,826.

27. Wal-Mart did not adopt its use of the REDNECK Marks in good faith because it knew, or reasonably should have known, of REWINEDesigns' prior registration, use and ownership of the REDNEK WINE GLASS mark. The Defendant's infringing use of the REDNECK Marks was reckless, deliberate, malicious, fraudulent, willful and intentional so as to make this case exceptional.

28. Wal-Mart elected to use the REDNECK Marks knowing that a confusingly similar mark was used by others to distinguish their goods or without taking reasonable measures to determine whether the REDNECK Marks were available to Wal-Mart for adoption and use. Such acts were deliberate, intentional, reckless, willful and fraudulent so as to make this case exceptional.

## COUNT II
## FALSE DESIGNATION OF ORIGIN PURSUANT TO 15 U.S.C. § 1125(a)

29. Plaintiffs incorporate by reference paragraphs 1 through 28 hereof as if the same were fully set forth herein.

30. Wal-Mart's use of its REDNECK Marks in connection with their REDNECK Glassware creates a false designation of origin that communicates to potential purchasers that Plaintiffs or either of them are/is the source of such glassware. It also creates the false impression that Plaintiffs sponsor or approve of Defendant's REDNECK Glassware and falsely associates and affiliates Wal-Mart with Plaintiffs or either of them – all in violation of 15 U.S.C. § 1125(a).

31. The unauthorized use of Walmart's REDNECK Marks is likely to confuse or deceive retail customers and others into believing that the glassware that Wal-Mart sells and that bears the Defendant's REDNECK Marks is sold by, originates from, or is sponsored or approved by Plaintiffs or either of them. Wal-Mart's use of its REDNECK Marks in connection with REDNECK Glassware is likely to deceive consumers into believing that Wal-Mart is in some way associated with, connected to, or related to Plaintiffs or either of them.

32. Such confusion, mistake and deception will irreparably harm Plaintiffs' reputation and goodwill. Plaintiffs have no control over the quality or sale of Wal-Mart's REDNECK Glassware. Wal-Mart's disregard of Plaintiffs' rights is reckless, contrary to the public interest, and harmful to the reputation associated with Carson's REDNEK Glassware.

33. Wal-Mart's use of the REDNECK Marks in connection with glassware violates Section 43(a) of The Lanham Act, 15 U.S.C. § 1125(a). It is in reckless and willful disregard of

9

Plaintiffs' rights and is specifically designed and intended to trade on the goodwill associated with the REDNEK Marks.

34. Wal-Mart has, with knowledge of the falsity of their REDNECK designations of origin, descriptions, and/or representations, used the REDNECK Marks in connection with the sale of glassware and caused such glassware to be advertised, offered, and sold in interstate commerce to the immediate and irreparable damage of Plaintiffs and the public in violation of 15 U.S.C. § 1125(a).

35. Unless and until enjoined by this Court, Wal-Mart's use of the REDNECK Marks in connection with glassware will continue unabated and continue to injure Plaintiffs, for which injuries Plaintiffs have no adequate remedy at law.

## COUNT III
## UNFAIR COMPETITION PURSUANT TO COMMON LAW

36. Plaintiffs incorporate by reference paragraphs 1 through 35 hereof as if the same were fully set forth herein.

37. Defendant uses the term "REDNECK" in connection with glassware that is essentially the same as Carson's distinctive REDNEK Glassware. Wal-Mart's REDNECK Glassware is offered and sold to the same class of potential purchasers and through the same retail store and ecommerce channels of interstate commerce as Carson's REDNEK Glassware. By such acts, Defendant has unfairly appropriated Plaintiffs' REDNEK and REDNEK WINE GLASS trademarks as well as the reputation and goodwill associated therewith. Such acts of Wal-Mart constitute unfair competition and palming off of Wal-Mart's REDNECK Glassware as Carson's REDNEK Glassware. Wal-Mart's acts evidence their intent to deceive, infringement of

Plaintiffs' rights and is specifically designed and intended to trade on the goodwill associated with the REDNEK Marks.

34. Wal-Mart has, with knowledge of the falsity of their REDNECK designations of origin, descriptions, and/or representations, used the REDNECK Marks in connection with the sale of glassware and caused such glassware to be advertised, offered, and sold in interstate commerce to the immediate and irreparable damage of Plaintiffs and the public in violation of 15 U.S.C. § 1125(a).

35. Unless and until enjoined by this Court, Wal-Mart's use of the REDNECK Marks in connection with glassware will continue unabated and continue to injure Plaintiffs, for which injuries Plaintiffs have no adequate remedy at law.

## COUNT III
## UNFAIR COMPETITION PURSUANT TO COMMON LAW

36. Plaintiffs incorporate by reference paragraphs 1 through 35 hereof as if the same were fully set forth herein.

37. Defendant uses the term "REDNECK" in connection with glassware that is essentially the same as Carson's distinctive REDNEK Glassware. Wal-Mart's REDNECK Glassware is offered and sold to the same class of potential purchasers and through the same retail store and ecommerce channels of interstate commerce as Carson's REDNEK Glassware. By such acts, Defendant has unfairly appropriated Plaintiffs' REDNEK and REDNEK WINE GLASS trademarks as well as the reputation and goodwill associated therewith. Such acts of Wal-Mart constitute unfair competition and palming off of Wal-Mart's REDNECK Glassware as Carson's REDNEK Glassware. Wal-Mart's acts evidence their intent to deceive, infringement of

Plaintiffs' trademark rights, passing off, deceptive advertising, unfair trade practice, unjust profits at Plaintiffs' expense, and injury to Plaintiffs' reputation - all in violation of the common law.

38.     Wal-Mart has committed the acts complained of herein with knowledge of Plaintiffs' valuable rights in the REDNEK Marks or without reasonable investigation as to the availability of the REDNECK Marks for adoption and use. Wal-Mart began using the REDNECK Marks with malicious or reckless disregard of Plaintiffs' rights in and to the REDNEK Marks, and with a willful intention to deceive others and trade on Plaintiffs' reputation and goodwill or a reckless disregard for the consequences of its actions. Wal-Mart's intentional and/or reckless conduct has injured and, unless enjoined, will continue to injure Plaintiffs' business reputation and goodwill. Punitive damages are justified and are necessary to deter similar continued conduct of Wal-Mart in the future.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

39.     Plaintiffs incorporate by reference paragraphs 1 through 38 hereof as if the same were fully set forth herein.

40.     Wal-Mart has intentionally undertaken the acts as complained of herein in reckless and willful disregard of Plaintiffs' common law trademark rights. Wal-Mart has intended to trade upon and is trading upon the goodwill associated with the REDNEK Marks.

41.     Unless and until enjoined by this Court, Wal-Mart will persist in such actions, all to the continuing injury and detriment of Plaintiffs and for which Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A. grant a Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendant and its agents, affiliates, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them, from directly or indirectly using the REDNEK Marks, the Defendant's Marks for REDNECK and REDNECK WINE GLASS, and all other marks, words, designations, designs, terms or names that are confusingly similar thereto so as to be likely to cause confusion or mistake, or to deceive;

B. grant a Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendant and its agents, servants, affiliates, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them, from engaging in any conduct that is likely to cause confusion, deception, or mistake, or to injure Plaintiffs' business reputation or to dilute the distinctive quality associated with the REDNEK Marks;

C. order pursuant to 15 U.S.C. § 1118 that all products, labels, signs, prints, pamphlets, wrappers, receptacles, banners, advertisements, goods, and counterfeits or colorable imitations in the possession of Defendant or its agents, affiliates, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them bearing Wal-Mart's REDNECK Marks shall be delivered up and destroyed;

D. order Wal-Mart to account to and pay over to Plaintiffs any and all profits derived from the sale of glassware bearing Wal-Mart's REDNECK Marks or any other mark that is

12

confusingly similar to the REDNEK Marks and for all damages sustained by Plaintiffs or either of them by reason of said acts of infringement and unfair competition complained of herein and that said damages be trebled pursuant to 15 U.S.C. § 1117(b) as a result of Wal-Mart's willful violations of 15 U.S.C. §§ 1114 and 1125(a);

E.	award punitive and exemplary damages against Wal-Mart and in favor of Plaintiffs by reason of Wal-Mart's intentional, deliberate, fraudulent, malicious and willful conduct;

F.	order Wal-Mart to pay to Plaintiffs the Plaintiffs' costs of this action, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a); and

G.	grant such other and further relief as the Court deems just in the circumstances.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded on all claims so triable.

Dated this 2nd day of May, 2014.

        Respectfully submitted,

        COHEN & GRIGSBY, P.C.

        By  */s/ Frederick L. Tolhurst*
           Frederick L. Tolhurst, Esq.
           Pa. ID No. 22040
           625 Liberty Ave.
           Pittsburgh, PA 15222
           (412) 297-4900