IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARSON INDUSTRIES, INC. and REWINDesigns, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>    Defendant. | Civil Action No. 2:14-cv-00567-DSC<br><br>ELECTRONICALLY FILED |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT WAL-MART STORES, INC.**

Defendant Wal-Mart Stores, Inc. ("Defendant" or "Walmart") answers the allegations in the complaint dated May 2, 2014 (the "Complaint") of plaintiffs Carson Industries, Inc. and REWINEDesigns, LLC (collectively, "Plaintiffs") as follows:

**NATURE OF THE ACTION**

1. Defendant admits that the Complaint purports to allege trademark infringement, false designation of origin, false representation and description, and other unfair competitive conduct in violation of the Lanham Act and Plaintiffs' common law trademark and other rights. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 1.

**THE PARTIES**

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

1

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. Defendant admits the allegations in paragraph 7.

8. Defendant admits that Walmart is a leading retailer in the United States and that Walmart sells a wide variety of products to retail purchasers through thousands of retail stores that are located throughout the United States, some of those stores being located in this judicial district. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 8.

9. Defendant admits that Walmart owns and operates the Walmart.com e-commerce website. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 9.

## JURISDICTION AND VENUE

10. Defendant admits that this Court has subject matter jurisdiction. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 10.

11. Defendant admits that venue is proper and that Walmart is subject to personal jurisdiction in this judicial district. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 11.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16. Defendant admits that Attachment 3 purports to depict a webpage printout of a "Gibson Home Redneck Mason Jar Wine Glass with Lid Set, 4pk" offered on Walmart.com. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation of when Carson Industries, Inc. first became aware of the allegedly unlawful activity. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 17.

19. Defendant denies the allegations in paragraph 18.

20. Defendant denies the allegations in paragraph 19.

## COUNT I
## INFRINGEMENT OF A REGISTERED TRADEMARK PURSUANT TO 15 U.S.C. § 1114

21. Defendant repeats and incorporates by reference its answers to the allegations in paragraphs 1 through 20, as if fully set forth herein.

22. Defendant admits that this claim purports to allege infringement of a registered trademark in violation of the Lanham Act. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 22.

23. Defendant admits that REWINEDesigns, LLC has not authorized or approved the use of "Gibson Home Redneck Mason Jar Wine Glass with Lid Set, 4pk" on Walmart.com. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

## COUNT II
## FALSE DESIGNATION OF ORIGIN PURSUANT TO 15 U.S.C. § 1125(a)

29. Defendant repeats and incorporates by reference its answers to the allegations in paragraphs 1 through 28, as if fully set forth herein.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

## COUNT III
## UNFAIR COMPETITION PURSUANT TO COMMON LAW

36. Defendant repeats and incorporates by reference its answers to the allegations in paragraphs 1 through 35, as if fully set forth herein.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

39. Defendant repeats and incorporates by reference its answers to the allegations in paragraphs 1 through 38, as if fully set forth herein.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to the judgment and relief requested in the Complaint and in Plaintiffs' Prayer for Relief.

A. Defendant denies Plaintiffs' request for relief in paragraph A.

B. Defendant denies Plaintiffs' request for relief in paragraph B.

C. Defendant denies Plaintiffs' request for relief in paragraph C.

D.     Defendant denies Plaintiffs' request for relief in paragraph D.

E.     Defendant denies Plaintiffs' request for relief in paragraph E.

F.     Defendant denies Plaintiffs' request for relief in paragraph F.

G.     Defendant denies Plaintiffs' request for relief in paragraph G.

## GENERAL DENIAL

Defendant denies each and every allegation, matter, or thing contained in the Complaint, expressed or implied, not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each cause of action within it, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of fair use.

### THIRD AFFIRMATIVE DEFENSE

Defendant has not used Plaintiffs' purported marks as trademarks in commerce.

### FOURTH AFFIRMATIVE DEFENSE

There is no likelihood of confusion arising from Defendant's purported uses of Plaintiffs' marks.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' marks are descriptive.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' marks are generic.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' registrations are invalid under 15 U.S.C. § 1052(a).

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Plaintiffs' failure to mitigate damages.

TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by consent, acquiescence, and license.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by equitable doctrines of laches, waiver, unclean hands, and estoppel.

TWELFTH AFFIRMATIVE DEFENSE

Defendant's investigation of its defenses is continuing, and Defendant expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

WHEREFORE, Defendant Wal-Mart Stores, Inc. respectfully requests that the Court:

a. Enter judgment in favor of Defendant on all claims in the Complaint;

b. Dismiss with prejudice the Complaint and all claims in it;

c. Declare that Plaintiffs' claimed trademarks are not valid and are not enforceable;

d. Award Defendant reasonable attorneys' fees and costs; and

e. Grant Defendant such other and further relief as may be proper and just.

Respectfully submitted,

Dated: June 26, 2014     WHITE & CASE LLP

By: /s/ Stefan Mentzer_____
Stefan Mentzer (NY State Bar #4072542)
1155 Avenue of the Americas
New York, New York  10036
Tel:  (212) 819-8200
Fax:  (212) 354-8113
smentzer@whitecase.com

Attorney for Defendant Wal-Mart Stores, Inc.